**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 11-10417 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08022-GMS-1 |
| v. | |
| **JASPER WILLIAMS**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted July 17, 2012
San Francisco, California

Before:     **FERNANDEZ**, **PAEZ**, and **WATFORD**, Circuit Judges.

Jasper Williams appeals from the district court's order authorizing the

government to medicate him involuntarily for the purpose of rendering him

competent to stand trial.  He challenges only the district court's determination "that

important governmental interests are at stake" and "that involuntary medication

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

will significantly further those concomitant state interests." <u>Sell</u> v. <u>United States</u>, 539 U.S. 166, 180, 181 (2003) (emphasis omitted). We review the first determination de novo and the second for clear error. <u>See</u> <u>United States</u> v. <u>Hernandez-Vasquez</u>, 513 F.3d 908, 915–16 (9th Cir. 2008).

**1.** "The Government's interest in bringing to trial an individual accused of a serious crime is important," <u>Sell</u>, 539 U.S. at 180, and Williams concedes that his alleged crime—forcible rape—is "serious." "[L]engthy confinement in an institution for the mentally ill" may lessen the government's interest in criminal prosecution, <u>id.</u>, but we can only speculate whether Williams's current, temporary confinement will eventually be extended. A mere possibility that this will happen is insufficient to satisfy the government's concern for public safety.

**2.** A government psychiatrist reported to the district court that haloperidol is effective in treating the precise symptoms of schizophrenia that he believes cause Williams's incompetence. On this basis, the psychiatrist testified that the government's treatment plan is substantially likely to restore Williams to competence. He also testified that the government would be able to manage any side effects that might otherwise interfere with Williams's ability to participate in

his eventual trial. The district court credited this testimony, and it did not clearly err by doing so.

In rebuttal, Williams offered only a psychologist's report showing that Williams was taking haloperidol when the psychologist found him incompetent to stand trial. But Williams had been taking the drug for only a few days, so his incompetence at that point says nothing about the likelihood of success posed by a full course of treatment. The psychologist's report also shows that the drug sedated Williams. But Williams was taking a much larger dose than the government plans to administer, and the government's psychiatrist testified without contradiction that the lower dose is unlikely to cause sedation.

**3.** Because Williams does not challenge in his opening brief the district court's findings regarding the third and fourth Sell factors and defense counsel expressly waived at oral argument any challenge to those findings, we do not address them.

**AFFIRMED.**